IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 10, 2002 at Knoxville

## STATE OF TENNESSEE v. RONALD PAUL

**Appeal from the Criminal Court for Robertson County**
**No. 9310     John H. Gasaway, III, Judge**

---

### No. M2002-00810-CCA-R3-CD - Filed March 3, 2003

---

The petitioner, Ronald Paul, appeals the Robertson County Criminal Court's disposition of his petition for post-conviction relief. The petition alleged ineffective assistance of trial and appellate counsel. The lower court ruled that, because appellate counsel's single issue raised on direct appeal was deemed waived by the appellate court, the petitioner would be entitled to a delayed appeal. The court also dismissed without prejudice the remaining allegations of ineffective assistance of counsel, indicating that the petitioner could file a new petition for post-conviction relief after the conclusion of the delayed direct appeal. Because we lack jurisdiction in this appeal, we dismiss the appeal.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed, Appeal Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

William F. Kroeger, Springfield, Tennessee, for the Appellant, Ronald Paul.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Dent Morriss, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

In 1995, a Robertson County jury convicted the petitioner of one count of aggravated rape, three counts of rape, and two counts of sexual battery. The petitioner's stepdaughter was the victim in each offense. The trial court imposed an effective 32-year sentence in the Department of Correction. On direct appeal, the petitioner's single issue was that the trial court erred in admitting testimony of a nurse practitioner that the victim identified the petitioner as the perpetrator of the sexual offenses. *See State v. Ronald Paul*, No. 01C01-9511-CC-00358, slip op. at 2 (Tenn. Crim. App., Nashville, Sept. 19, 1997), *perm. app. denied* (Tenn. 1998). This court affirmed the convictions on the basis that the defendant waived appellate review (1) by asserting a different claim

of exclusion of the evidence than was asserted in the trial court and (2) by failing to include the appellate claim of exclusion in his motion for new trial. *Id.*, slip op. at 3.

In his subsequent petition for post-conviction relief, which was filed in 1999, the petitioner asserts a claim of ineffective assistance of trial counsel. He claims that counsel admitted to third parties that, being a divorce lawyer, counsel was incompetent to handle the petitioner's defense. The petitioner also claims that his trial counsel failed to interview witnesses, to prepare for trial, to develop an informed defense strategy, to move to suppress a tape-recorded conversation between the petitioner and a TBI agent, and to include the tape issue in the motion for new trial. He likewise claims that appellate counsel failed to communicate with him and failed to raise viable appellate issues.

After conducting a hearing on February 22, 2002, the post-conviction court found that "the sole issue appealed by counsel was deemed to have been waived by the Appellate Court [and] several issues raised in the motion for new trial . . . should have been appealed . . . and that failure to do so, effectively denied Petitioner's appeal as of right." The court granted a delayed appeal of his original conviction pursuant to Tennessee Code Annotated sections 40-30-211 and -213. The remaining post-conviction claims of ineffective assistance of counsel were "dismissed without prejudice in order to preserve those issues should the Petitioner not prevail on Appeal."

Now on appeal, the petitioner is apparently pursuing a delayed direct appeal; his brief raises only "direct appeal" issues, and he makes no complaint about the post-conviction court's actions. The state's brief responds to the petitioner's issues and makes no objection to the delayed-appeal format.

Upon our review of the record, we conclude that the post-conviction court erred in granting the petitioner a delayed appeal pursuant to Code section 40-30-213 and in summarily dismissing the remaining claims of ineffective assistance of counsel. *See* Tenn. R. App. P. 13(b) (although an issue is not presented for appellate review, it may be reviewed by the appellate court when it presents a question of appellate jurisdiction or of abuse to the judicial process).

This case is very similar to the proceedings in *State v. Donald Wallace*, No. M2001-0272-CCA-R3-CD (Tenn. Crim. App., Nashville, Dec. 9, 2000) (*Wallace II*), and our resolution of the issues in *Donald Wallace* is dispositive of the issues here raised. After Wallace's conviction of first-degree murder, his motion for new trial was untimely filed, thus "restricting direct appellate review to the sufficiency of the evidence." *Id.*, slip op. at 1; *see State v. Donald Wallace*, No. 01C01-9711-CC-00526 (Tenn. Crim. App., Nashville, Sept. 30, 1998) (opinion upon Wallace's *direct appeal*; finding insufficient evidence of premeditation to support first-degree murder conviction and imposing a second-degree murder conviction) (*Wallace I*). Later, Wallace filed a post-conviction petition. The post-conviction court dismissed the petition without prejudice and granted the defendant a delayed appeal, finding that counsel's actions in failing to file a timely motion for new trial had "prejudiced the Petitioner in that he was denied his right to appellate review

of all issues other than the sufficiency of evidence." *Wallace II*, slip op. at 3-4. *Neither party appealed the post-conviction court's order in Wallace.*

Wallace then moved for a new trial. When the motion was denied, he appealed the denial of a new trial, thus initiating *Wallace II. Id.* In that appeal, this court held that "the post-conviction court applied an erroneous standard of prejudice in dealing with the claim of ineffective assistance of counsel, and it lacked the authority to order a delayed appeal." *Id.*, slip op. at 5. Essentially, the post-conviction court in *Wallace II* erred in "presuming that prejudice flowed" from trial counsel's failure to file a timely motion for new trial. *Id.*, slip op. at 6. This court said that Wallace, having appealed the issue of the sufficiency of the convicting evidence, had not been deprived of an appeal. *Id.* Although the delayed appeal statute, a feature of the post-conviction law, affords relief in the form of a delayed direct appeal without a showing of prejudice, the delayed appeal statute did not apply in Wallace's situation. *Id.*, slip op. at 7; *see* Tenn. Code Ann. § 40-30-213(a) (1997) (delayed appeal authorized when petitioner was "denied the right to an appeal from the original conviction"). Accordingly, Wallace's complaint about the inadequacy of his direct appeal necessarily involved the rigors of proving ineffective assistance of counsel, including *both* a showing of deficient performance *and actual prejudice* resulting from the performance. *See id.*, slip op. at 5; *see also Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).

*Wallace II* controls the present case. The post-conviction court in the present case made no finding that the petitioner had been prejudiced by an inadequate or a substandard appeal. In any event, the court had no authority to grant a second direct appeal. *Accord State v. Kenneth S. Griffin*, No. E2000-02471-CCA-R3-CD (Tenn. Crim. App., Knoxville, June 25, 2001), *perm. app. denied* (Tenn. 2001). As a result, the attempted delayed appeal, with its "direct appeal" claims, is not, as such, properly before this court. *Wallace II*, slip op. at 8; *Kenneth S. Griffin*, slip op. at 3.

The question of the proper disposition of the appeal remains. In *Wallace II*, this court's scope of review was limited to the ersatz direct appeal which followed a belated motion for new trial and the order overruling same. *Wallace II*, slip op. at 9. We were limited to reviewing the second direct appeal because Wallace's *post-conviction order* had long since been final; neither party had appealed. As a result, the post-conviction case itself, from which the delayed appeal order emanated, was not before the *Wallace II* court. *Id.* What *was* before the *Wallace II* court was an attempted reopening of the final conviction. In such a posture, the *Wallace II* court could adjudicate nothing. The post-conviction order had not been and could not be appealed, and the purported direct appeal was itself not properly before the court. As a result, the appeal was dismissed. *Id.*

The posture of the present case is essentially the same. Although this appeal was timely to appeal the post-conviction court's order granting the delayed appeal and dismissing the other post-conviction claims, the petitioner explicitly appealed his June 19, 1995 *conviction judgment,* over which we now have no jurisdiction. Also, as in *Wallace II*, no one has appealed from

the *post-conviction proceeding*, and we have no jurisdiction over it.  Accordingly, we must dismiss the appeal.[1]

 

 

 

 

 

                                                       _____

                                                         JAMES CURWOOD WITT, JR., JUDGE

---

[1] We noted in *Wallace II* that the invalidity of the post-conviction's court's order effectively meant that the post-conviction proceeding was still pending in the lower court. *Id.* slip op. at 9, n.2.  That situation exists in the present case.  As we understand the status of the petition below, the court has determined that appellate counsel was remiss in his handling of the direct appeal.  The lower court has yet to determine whether appellate counsel's deficient performance resulted in actual prejudice to the petitioner pursuant to the standards of *Strickland.*  Also, the court has yet to consider the claims of the ineffective assistance of trial counsel.  Of course, we cannot discern whether an additional hearing will be necessary to afford the lower court the opportunity to make these determinations, and we defer to that court to decide whether a further hearing is required.